# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY**, an Illinois corporation,

        Plaintiff,

v.                             **CIVIL ACTION NO: 3:13-CV-181**
                                    **(JUDGE GROH)**

**DEBORAH K. NELSON,**
**Personal Representative of the**
**Estate of Randy Lawrence Nelson, Jr.,**
**R. M. STAUBS ENTERPRISES, INC. d/b/a**
**STONEWALLS AT TONY'S PIZZA,**
a West Virginia corporation, **KELLY**
**GREUBER HEIDENREICH,** and
**JAMES LEROY GREUBER, IV,**

        Defendants.

## ORDER GRANTING DEFENDANT NELSON'S MOTION TO DISMISS

On this day, the above-styled matter came before this Court for consideration of Defendant Deborah K. Nelson's Motion to Dismiss Complaint for Declaratory Judgment [Doc. 12], filed on March 4, 2014.

On December 20, 2013, Plaintiff State Farm Mutual Automobile Insurance Company initiated this declaratory judgment action against Deborah K. Nelson, R. M. Staubs Enterprises, Inc. d/b/a Stonewalls at Tony's Pizza, Kelly Greuber Heidenreich, and James Leroy Greuber, IV. State Farm seeks a declaration that an automobile insurance policy that it issued to Defendant Heidenreich does not cover claims related to the death of Randy Lawrence Nelson, Jr. Compl. ¶ 1. Defendant Nelson is the only defendant who has entered an appearance in this case as, after State Farm served the

remaining defendants with the summons and complaint on either December 31, 2013 or January 16, 2014, no other defendant has filed an answer or otherwise appeared in this case.

In her Motion to Dismiss, Defendant Nelson requests that the Court exercise its discretion under the Declaratory Judgment Act and dismiss this case without prejudice. See Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256-58 (4th Cir. 1996). Defendant Nelson asserts that, on August 20, 2013, she filed a civil action concerning Mr. Nelson's death in the Circuit Court of Jefferson County, West Virginia against R. M. Staubs Enterprises and Mr. Greuber. She avers that this Court should decline to hear this case because, among other things, two other insurance companies are, like State Farm in this case, asking the state court to determine whether automobile insurance coverage applies to claims related to Mr. Nelson's death. She further asserts that dismissal is appropriate because, unlike here, counsel is representing R. M. Staubs Enterprises and Mr. Greuber in the state case.

On March 21, 2014, the Plaintiff filed a response to this motion.[1] The Plaintiff states that it "consents to the dismissal without prejudice of this declaratory judgment action" given Defendant Nelson's "arguments for, and apparent consent to, the resolution of the issues raised by this declaratory judgment action as part of Jefferson County (West Virginia) Civil Action No. 13-C-292."

---

[1] The response deadline was March 21, 2014–seventeen days following service of the motion to dismiss. FED. R. CIV. P. 6(d) (three days added to response period when motion served electronically); N.D. W. VA. L. R. CIV. P. 7.02(b)(1) (fourteen days to respond to motion to dismiss). The non-moving defendants did not respond to this motion by or after this deadline.

Because the Plaintiff consents to the dismissal of this action without prejudice, the Court **GRANTS** Defendant Nelson's Motion to Dismiss Complaint for Declaratory Judgment. The Court **DISMISSES** this action **WITHOUT PREJUDICE**. The Court further **ORDERS** that this case be **STRICKEN** from this Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and/or *pro se* parties.

**DATED:** March 25, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE